UNITED STATES v. THE STEAMSHIP COAMO, her engines, etc., New York & Porto Rico Steamship Co., claimant, etc. (Circuit Court of Appeals, Second Circuit. March 31, 1922.) No. 275. Appeal from the District Court of the United States for the Southern District of New York. Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. This cause came here by appeal from a final decree in admiralty entered in the District Court for the Southern District of New York. On February 7, 1918, the United States filed a libel in rem against the steamship Coamo, setting forth in substance: That on or about May 7, 1917, the Coamo arrived at the port of New York, and brought aboard her to said port and into the United States two named aliens, to wit, Charles Esdaille and William Levine. That on or about the date last above stated the Commissioner of Immigration at the port of New York duly notified in writing an officer or agent of said steamship Coamo, to wit, one Horgan, the purser of said vessel, that said aliens should be delivered at the United States immigrant station at Ellis Island, that being the place designated for such delivery by the immigration officers at said port. That the owners, officers and agents of said steamship Coamo failed to prevent the landing of said two aliens at a place other than said Ellis Island, and failed to deliver said aliens or either of them at said immigrant station, "in violation of the statute of the United States in such cases made and provided, viz. Act Feb. 5, 1917, § 10, 39 Stat. 881 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ee)." That by reason of the premises "the said steamship became and is liable for payment to the United States of a penalty in the sum of $2,000, no part of which has been paid, and may be libeled therefor in the appropriate United States court. That this cause by way of libel has been brought by direction of the Secretary of Labor of the United States."

At trial libelant proved the above-recited allegations of fact, to wit, the arrival of the steamship at New York with said aliens on board, the giving of notice by the Commissioner of Immigration as alleged, and the fact that said aliens were not delivered pursuant to said notice. Thereupon libelant demanded as of right a decree for $2,000, to wit, a penalty of $1,000 for each alien. This demand the District Court refused, holding that it had discretion as to the amount of the penalty, and therefore imposed a penalty of $200 in respect of each alien, and entered final decree for $400 and costs. Whereupon the libelant took this appeal, assigning for error that the District Court "erred in not awarding to libelant the sum of $2,000."

### Question Certified.

When a libel in rem is filed against any vessel under the circumstances set forth in section 10 of the act to regulate the immigration of aliens, passed February 5, 1917, and violation of that section of the statute is proven, is the trial court bound as matter of law to pass a decree condemning said vessel for a penalty of exactly $1,000, neither more nor less, for each alien landing from said vessel in violation of said section of said statute?

In accordance with the provisions of section 239, Judicial Code (U. S. Comp. St. § 1216), the foregoing question of law is by the Circuit Court of Appeals of the United States for the Second Circuit hereby certified to the Supreme Court.